Evan L. Frank, Esq. (311994)
Alan L. Frank Law Associates, P.C.
135 Old York Road
Jenkintown, PA 19046
215-935-1000
215-935-1110 (fax)
efrank@alflaw.net
Counsel for Plaintiff

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF PENNSYLVANIA

| William Grondin, | : | Civil Action No. |
|---|---|---|
| Plaintiff, | : | Jury Trial Demanded |
| v. | : | |
| Fanatics, Inc., | : | |
| Defendant. | : | |

## COMPLAINT

### Summary

1. This is a suit for copyright infringement. In 1996, Plaintiff designed "Slice of the Ice", a hockey-puck-shaped collectible with a cavity to hold melted ice from the rink of hockey games and continued to produce additional products for various teams and events as this item began to grow in popularity. Pictures of Slice of the Ice are attached as "Exhibit A." In 1998, Plaintiff applied for and received a copyright registration (VA 723-553) which is "Exhibit B" to this pleading. This suit arises out of Defendant's past and continuing copying, reproduction, public display, and sale of items that are derivative of and virtually identical / substantially similar to Plaintiff's work. Examples of Defendant's infringing works are attached as "Exhibit C". Plaintiff seeks both injunctive and

monetary relief, including damages and an injunction directing Defendant to cease and desist manufacturing and selling infringing works.

## Parties

2. Plaintiff William Grondin is an adult individual residing in Pennsylvania.

3. Defendant Fanatics, Inc. is a Delaware corporation with a principal place of business in Jacksonville, Florida.

## Jurisdiction and Venue

4. This Court has subject matter jurisdiction under 28 U.S.C. § 1331 and 28 U.S.C. § 1338(a) because Plaintiff asserts a claim for copyright infringement under 17 U.S.C. § 501 et seq.

5. Venue is proper under 28 U.S.C. § 1391(b)(1) and 1400(a) because the only Defendant is a corporation subject to personal jurisdiction in this District.

## Facts

6. In 1996, Plaintiff designed "Slice of the Ice."

7. Slice of the Ice is a hockey-puck-shaped collectible featuring a hollow cavity for holding melted ice taken from the rink of client-requested hockey games.

8. Pictures of Slice of the Ice are attached as "Exhibit A."

9. Slice of the Ice is an original work created exclusively by Plaintiff.

10. In 1998, Plaintiff applied for and received a copyright registration (VA 723-553) for Slice of the Ice, a copy of which is attached as "Exhibit B."

11. Plaintiff was and remains the sole owner of the copyright registration for Slice of the Ice.

12. Plaintiff has manufactured and sold Slice of the Ice to several hockey teams and various organizations.

13. Plaintiff has not licensed or otherwise authorized Defendant to copy, reproduce, manufacture, duplicate, disseminate, or distribute Plaintiff's work or any work substantially similar thereto.

14. Defendant has manufactured, duplicated, disseminated, and distributed works that are substantially similar to Slice of the Ice.

15. Defendant continues to manufacture, duplicate, disseminate, and distribute works that are substantially similar to Slice of the Ice.

16. Attached as "Exhibit C" are examples of Defendant's infringing works.

17. Defendant has sold the infringing works through its own website and various online marketplaces such as Amazon.com.

18. On information and belief, Defendant obtained physical possession of or otherwise viewed Plaintiff's protected work, and knowingly and intentionally copied and/or made derivative works to create the infringing works.  That Defendant copied Plaintiff's protected work is evidenced by the striking similarities between the copyrighted work and the infringing works, which cannot possibly be explained other than as a result of copying and Defendant's access to Plaintiff's work as a result of the widespread dissemination of Slice of the Ice in the United States over decades.

19. As a result of Defendant's infringement, Plaintiff has suffered damages and continues to suffer damages.

## COUNT I
## Copyright Infringement

20. Plaintiff incorporates by reference the foregoing allegations.

21. Plaintiff's copyrighted work is an original work containing copyrightable subject matter.

22. Plaintiff is the exclusive owner of the rights to his copyrighted work.

23. Plaintiff owns a valid copyright registration for the work.

24. Defendant's reproduction, distribution, public display, and sale of infringing works without Plaintiff's permission have directly infringed Plaintiff's exclusive rights to his copyrighted work.

25. Defendant's infringing conduct was and continues to be willful and with full knowledge of Plaintiff's rights in the copyrighted work.

26. As a direct and proximate result of Defendant's conduct, Plaintiff has suffered damages.

**WHEREFORE,** Plaintiff demands judgment against Defendant, awarding Defendant's profits obtaining as a result of Defendant's infringing conduct and damages sustained by Plaintiff as a result of the infringing conduct; should Plaintiff so elect, awarding statutory damages instead of actual damages or profits; awarding costs and reasonable attorney's fees; awarding interest; that Defendant be ordered to provide an accounting of Defendant's profits attributable to the infringing conduct, including sales of the infringing works; that Defendant be ordered to destroy or deliver up for destruction all materials in Defendant's possession, custody, or control used by Defendant in connection with the infringing conduct, including all remaining inventory of the infringing works; that Defendant, at its own expense, be ordered to recall the infringing works from any distributors, retailer, vendors, or others that have distributed the infringing works on Defendant's behalf; and an injunction enjoining Defendant from engaging in further activity that infringes upon Plaintiff's rights.

                Respectfully submitted,

                */s/ Evan L. Frank*  
                Evan L. Frank, Esq. (311994)  
                Alan L. Frank Law Associates, P.C.  
                135 Old York Road  
                Jenkintown, PA 19046  
                215-935-1000  
                215-935-1110 (fax)  
                efrank@alflaw.net  
                Counsel for Plaintiff

May 18, 2022

## DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury for all counts and issues so triable.

                Respectfully submitted,

                */s/ Evan L. Frank*  
                Evan L. Frank, Esq. (311994)  
                Alan L. Frank Law Associates, P.C.  
                135 Old York Road  
                Jenkintown, PA 19046  
                215-935-1000  
                215-935-1110 (fax)  
                efrank@alflaw.net  
                Counsel for Plaintiff

May 18, 2022